**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-10582
Summary Calendar
_____


WESTERN HERITAGE INSURANCE CO.,

                                        Plaintiff-Appellee,

              VERSUS

         BARRY BAILEY, et al.,

                                        Defendants,

        GAIL COOKE; DORAYNE LEVIN;
FIRST UNITED METHODIST CHURCH OF FORT WORTH;
      KAY JOHNSON; WELDON HAYNES;
                  and
        WILLIAM LONGSWORTH,

                                        Defendants-Appellants.


_____

Appeal from the United States District Court
for the Northern District of Texas
(4:96-CV-458-A)
_____

May 13, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]


     This case concerns insurance coverage for liability arising

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

out of the sexual misconduct of Reverend H. Barry Bailey, pastor-in-charge of the First United Methodist Church of Fort Worth ("Church"). The above-named defendant-appellants include both plaintiffs and defendants from the underlying tort suits, united by their desire to hold an insurance carrier liable for defense and indemnification. Western Heritage Insurance Company sued in federal court, seeking a declaratory judgment that it has no duty to defend or indemnify. The district court granted summary judgment in favor of Western Heritage, and we affirm.

This case arises out of the same litigation as, and is virtually identical to, another case recently decided by this circuit, *American States Ins. Co. v. Bailey*, 133 F.3d 363 (5th Cir. 1998). *See id.* at 366-68 (describing the litigation).

As in *American States*, the defendants here challenge the availability of declaratory relief. The analysis set forth in part III of that opinion directly controls the instant case. *See id*. at 368-69. Here, as there, there is a justiciable controversy, and the district court need not have abstained from exercising jurisdiction. *See id*.

Although the insurance contract provisions at issue here are substantively different from those in *American States*, the same general rules of contract interpretation control, as articulated in the first four paragraphs in part IV of that opinion. *See id*. at 369. In essence, absent ambiguity, an insurer's duty to defend is

determined by the "eight corners rule": whether the facts giving rise to damage that are alleged within the four corners of the pleadings are covered by the language within the four corners of the insurance policy. *Id.*

The five insurance policies under which the appellants seek to recover are expressly limited in their scope to hazards involving the Church's day nursery. The policies provided: "Coverage under this policy is specifically limited to, and applies only to, those operations as described under the DESCRIPTION OF HAZARDS SECTION." The description of hazards sections, in turn, are limited to "day nurseries." None of the acts complained of in this case had anything to do with the day nursery, its operations, premises, or employees.

AFFIRMED.

3